UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE ZUNIGA TORRES, | ) NO. EDCV 16-01583-R (AS) |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING COMPLAINT WITH** |
| U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, M. RIOS (Lieutenant), E. QUEZADA (Acting Lieutenant), R. BOURN (Disciplinary Hearing Officer), and N. BLIER (Nurse), | ) **LEAVE TO AMEND** |
| Defendants. | ) |

On July 20, 2016, Plaintiff Vicente Zuniga Torres ("Plaintiff"), an inmate at FCI Victorville Medium I, in Victorville, California, filed a Civil Complaint Pursuant to 28 U.S.C. § 1331, for Declaratory, Injunctive, or Prospective Relief ("Compl."). (Docket Entry No. 1). The Complaint asserts claims against (1) the United States Department of Justice ("DOJ"); (2) the Federal Bureau of Prisons ("BOP"); (3) M. Rios (Lieutenant); (4) E. Quezada (Acting Lieutenant); (5) R. Bourn (Disciplinary Hearing Officer); and (6) N. Blier (Nurse). (Compl. at

1).[1]  The Court screened the Complaint as prescribed by 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B).[2]  For the reasons set forth below, the Court DISMISSES the Complaint WITH LEAVE TO AMEND.[3]

## PLAINTIFF'S ALLEGATIONS

The Complaint, construed liberally, alleges (1) Fifth Amendment substantive and procedural due process claims; (2) a Fifth Amendment equal protection claim; and (3) a Sixth Amendment claim. (Id. at 4). Plaintiff alleges the following facts in support of his claims.

On July 31, 2015, Plaintiff was ordered to produce a urine sample. (Id. at 2). Plaintiff failed to produce a sample after being given the required amount of water over a two-hour period. (Id.). Defendant Quezada charged Plaintiff with refusing to provide a urine sample. (Id.). Plaintiff thereafter "received information about his disciplinary hearing schedule[d] for August 3, 2015." (Id.). Before the date of the hearing, Plaintiff requested that "an in[v]estigation be conducted which w[ould] reveal that he had a mental reason for failing to produce a urine sample within the allotted time." (Id. at 2-3). Plaintiff indicated that "if he was provided with an alternative

---

[1] All references to the Complaint are to the pagination provided by the Court's electronic docket.

[2] The Court granted Plaintiff's request to proceed without prepayment of filing fees on July 27, 2016. (Docket Entry No. 4).

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval from the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

way to establish that he is not a drug user . . . , he would cover the mone[]tary [ex]pen[s]e." (Id. at 3).

The hearing, at which Plaintiff was present, was conducted by disciplinary hearing officer Defendant Bourn on August 18, 2015. (Id. at 2-3, 8, 10). The written report of Bourn's decision attached to the Complaint indicates that Plaintiff waived his right to have a staff representative, received a copy of his incident report, and declined to call witnesses or submit documentary evidence. (Id. at 8-9). Plaintiff informed Bourn at the hearing "that he suffered a physical or mental impairment that substantially limits him or impairs him from producing a urine sample at j[u]st any time" and explained that "he had been sick for many years of hyperten[s]ion and could not 'pee on command' and that could well be caused based on his blood pressure or medication prescribed." (Id. at 2). Bourn's report notes that, at the time of the request for the sample, Plaintiff stated that he could not "go." (Id. at 9). Bourn determined that Plaintiff's defense asserted at the hearing was "neither convincing nor persuasive." (Id.). Bourn found Plaintiff guilty and ordered 41 days of disallowed good conduct time, fourteen days in disciplinary segregation, and three months of lost visits. (Id. at 10).

On March 29, 2016, Plaintiff again was ordered to produce a urine sample and was unable to do so within the two-hour time limit. (Id. at 3). Defendant Rios charged Plaintiff with refusing to provide a urine sample. (Id.). A hearing was conducted on April 12, 2016, by a hearing officer. (Id. at 3, 14). The hearing officer's report

attached to the Complaint indicates that Plaintiff waived his right to a staff representative, received a copy of his incident report, and declined to call witnesses or submit documentary evidence. (Id. at 11, 13). The hearing officer's report notes that, in response to the request for a sample, Plaintiff stated that he could not "go." (Id. at 13). At the hearing, Plaintiff maintained that he has a "medical condition." (Id. at 11). The hearing officer found that, by Plaintiff's own admission, Plaintiff committed the act of refusing to provide a urine sample. (Id. at 13). The hearing officer sanctioned Plaintiff with 41 days of disallowed good conduct time and a loss of three months of commissary. (Id.).

The Complaint seeks the following relief: (1) an injunction requiring blood or other drug testing for inmates with a medical impairment and expunging the disciplinary findings from Plaintiff's record; (2) "Prospective Relief that will prevent him from suffering a continuing injury"; (3) a declaratory judgment declaring that requiring inmates to submit to a urinalysis for drug testing is discriminatory; and (4) monetary damages. (Id. at 4-5).

**STANDARD OF REVIEW**

Under the provisions of the Prison Litigation Reform Act, a district court shall sua sponte review and dismiss a complaint if the court finds that it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a); see

Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute governing in forma pauperis proceedings similarly provides that a court shall screen and dismiss a complaint brought by any plaintiff – prisoner or non-prisoner – proceeding in forma pauperis on these same grounds. 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001); Lopez, 203 F.3d at 1126 n.7, 1127.

A plaintiff fails to state a claim under Federal Rule of Civil Procedure 8(a) if the plaintiff's complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). Although a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [Complaint] need only give the [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); see also Twombly, 550 U.S. at 555.

In determining whether a plaintiff has stated a facially plausible claim, a court must accept the allegations in the complaint as true,

Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). A court, however, does not have to accept as true mere legal conclusions. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing Twombly, 550 U.S. at 555). The court must set aside conclusory statements and bare allegations and then consider whether a complaint plausibly states a claim for relief. See id. at 679.

In addition, pro se pleadings are "to be liberally construed" and held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). A court, however, may not supply essential elements of a claim that the pro se plaintiff did not initially plead. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete

6

defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

The Court has reviewed Plaintiff's Complaint under the aforementioned standards and concludes that the Complaint is deficient and must be DISMISSED with leave to amend.

**A. The Complaint Fails to State A Claim Against The DOJ, BOP, And Individual Defendants In Their Official Capacity**

To the extent Plaintiff asserts claims against the DOJ, BOP, and individual Defendants Rios, Quezada, Bourn, and Blier in their official capacity,[4] these claims fail to state a claim for relief.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). While Plaintiff maintains that he is entitled to bring his claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a Bivens action may only be brought for monetary damages against a responsible federal official in his or her individual – not official – capacity. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th

---

[4] The Complaint does not specify in what capacity Plaintiff sues the individual Defendants. The Court construes the Complaint liberally and assumes for purposes of this Order that Plaintiff sues them in their official and individual capacities.

Cir. 2007); <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). "This is because a <u>Bivens</u> suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." <u>Consejo de Desarrollo Economico de Mexicali</u>, 482 F.3d at 1173; <u>see</u> <u>also</u> <u>Nurse v. U.S.</u>, 226 F.3d 996, 1004 (9th Cir. 2000); <u>Mueller v. U.S.</u>, No. EDCV 08-0918-DSF (MAN), 2009 WL 273283, *6 (C.D. Cal. 2009) ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.") (citing <u>Gilbert</u>, 756 F.2d at 1459). Moreover, a <u>Bivens</u> action cannot stand against a federal agency like the Department of Justice or the BOP. <u>See</u> <u>FDIC</u>, 510 U.S. at 475. This is because "the purpose of <u>Bivens</u> is to deter the officer," not the agency. <u>Id.</u> at 485.

In the absence of any waiver of the United States' sovereign immunity, Plaintiff cannot state a claim against the DOJ, BOP, or individual Defendants in their official capacity. The Complaint thus must be DISMISSED in its entirety as to these Defendants.

**B.  The Complaint Does Not State A Claim For Injunctive or Declaratory Relief**

A <u>Bivens</u> action can only be maintained for monetary damages against an officer of the United States. <u>Solida v. McKelvey</u>, 820 F.3d 1090, 1093 (9th Cir. 2016); <u>see</u> <u>also</u> <u>Bivens</u>, 403 U.S. at 397. "[R]elief under <u>Bivens</u> does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official

government action." Solida, 820 F.3d at 1093. Thus, to the extent Plaintiff asserts a Bivens claim for injunctive or declaratory relief against the individual Defendants, Plaintiff's claim fails. Accordingly, the Complaint's injunctive and declaratory claims for relief must be DISMISSED.

**C.  The Complaint Fails To Allege Personal Involvement And Causation Necessary To State A *Bivens* Claim Against Blier, Quezada, And Rios**

Vague and conclusory allegations of civil rights violations are not sufficient to state a Bivens claim. Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A complaint thus is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., No. C-11-4891 SBA, 2012 WL 2088819, *2 (N.D. Cal. June 8, 2012) (complaint that did not "identify which wrongs were committed by which Defendant" violated Rule 8).

Plaintiff must allege facts that establish each Defendant's "personal involvement" in the purported constitutional deprivation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); compare Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978); see also Iqbal, 556 U.S. at 677 (in a Bivens action, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). "[I]ndividual government officials 'cannot be held liable' in a Bivens suit 'unless they themselves acted [unconstitutionally].'" Wood v.

<u>Moss</u>, 134 S. Ct. 2056, 2070 (2014) (quoting <u>Iqbal</u>, 556 U.S. at 683). To state a claim, therefore, Plaintiff "must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support [his] claim." <u>Jones v. Cmty. Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). Plaintiff also must allege facts that establish a "causal connection" between the conduct of each Defendant and the alleged constitutional deprivation. See <u>Hansen</u>, 885 F.2d at 646; <u>Johnson</u>, 588 F.2d at 743–44.

Plaintiff's allegations against Defendants Blier, Quezada, and Rios do not satisfy these requirements. While Plaintiff names Blier in the Complaint's caption, he fails to allege facts that implicate Blier personally in the violation of his constitutional rights, or even mention Blier by name in the body of the Complaint. (Compl. at 1-5). Plaintiff, therefore, has not stated a claim against Blier.

In addition, while Plaintiff alleges that Quezada and Rios charged him with refusing to provide a urine sample (Compl. at 2, 3), he does not indicate how they personally were involved in or caused the <u>violation</u> of his constitutional rights. Simply charging Plaintiff does not amount to personal, causal involvement. Plaintiff himself concedes that "[h]e failed to produce a sample." (<u>Id.</u> at 2). While Plaintiff alleges that he requested an investigation in advance of the August 3, 2015, hearing, for the purpose of substantiating his claim that a medical impairment prevented him from producing a urine sample, (<u>id.</u> at 2-3), Plaintiff does not allege that he informed Quezada or Rios of his alleged condition or notified them that he could not produce a sample for medical reasons. Rather, the Complaint's allegations and the

1  written reports attached thereto indicate only that Plaintiff refused
2  to produce a urine sample and that Quezada and Rios charged him with
3  refusing to produce a sample.  These allegations do not establish that
4  Quezada or Rios personally were involved in, or caused, the violation
5  of Plaintiff's constitutional rights.

7       For the foregoing reasons, the Complaint must be DISMISSED with
8  leave to amend against Defendants Blier, Quezada, and Rios for failure
9  to state a claim under Rule 8(a).  In any First Amended Complaint,
10 Plaintiff must identify – for each individual Defendant sued – the acts
11 of personal participation by the Defendant that violated his
12 constitutional rights and the causal connection between those acts and
13 the alleged deprivation(s) of his rights.

15 **D.    The Complaint Fails To State A Constitutional Violation**

17      A plaintiff bringing a Bivens action against a federal official
18 must allege, at a minimum, that (1) an established constitutional or
19 federal statutory right was involved, and (2) the federal officer
20 violated that right.  Davis v. Passman, 442 U.S. 228, 243-45 (1979);
21 see also Bivens, 403 U.S. at 396-97.  The Complaint construed liberally
22 asserts (1) Fifth Amendment substantive and procedural due process
23 claims; (2) a Fifth Amendment equal protection claim; and (3) a Sixth
24 Amendment claim.  (Compl. at 4).
25 ///
26 ///
27 ///
28 ///

### 1. **Plaintiff Has Not Stated A Due Process Claim**

In evaluating claims that a government action violates substantive due process, the Court does "not sit as a super-legislature," and "[t]he mere fact that [the Court] might not adopt a regulation if [it] were the policymaker[] is insufficient to hold such regulation unconstitutional." Snaman v. Thornburgh, No. 91-35165, 1992 WL 33924, *2 (9th Cir. Feb. 25, 1992). Rather, "[a] rational relationship to a legitimate government interest will normally suffice to uphold the regulation." Beller v. Middendorf, 632 F.2d 788, 808 (9th Cir. 1980). The BOP's drug testing scheme easily passes muster under this standard. Cf. Snaman, 1992 WL 33924, at *2 (rejecting substantive due process challenge to BOP's drug testing scheme and noting that scheme "surely must pass muster" under substantive due process standard). As the Ninth Circuit explained in the context of rejecting an inmate's similar substantive due process challenge to the BOP's use of urinalysis as the exclusive means of drug testing,

> Reducing drug use in federal prisons manifestly serves to promote the health, safety, morals, and general welfare of the inmates. Reduced drug use among federal inmates also serves to promote the safety and welfare of the general public, as fewer drug-addicted inmates will be released into society at the end of their prison terms. Random drug-testing is obviously rationally related to the objective of reducing inmate drug use. Moreover, the particular method of drug-testing used here, urinalysis, is not clearly arbitrary and unreasonable.

Id. (citation omitted).

1    While Plaintiff alleges that officials failed to provide blood or
2 hair testing as an alternative to urinalysis, on the facts alleged, the
3 Court "cannot say that failing to provide blood [or hair] testing as an
4 alternative, given the . . . administrative burden of running two
5 parallel drug-testing systems, [wa]s irrational," arbitrary, or
6 unreasonable. Id. (citation).  While Plaintiff alleges that he offered
7 to pay the additional cost, this offer did not reduce the
8 administrative burden and could not offset the benefits of urine
9 testing. Cf. id. (citing Skinner v. Ry. Labor Executives Ass'n, 109 S.
10 Ct. 1402, 1409 (1989) (urine samples sometimes preferred over blood
11 samples "because drug traces remain in the urine longer than in blood"
12 and because blood samples can only be taken at a medical facility));
13 see also Dickerson v. Riveland, No. 91-36064, 1992 WL 361243, *2 (9th
14 Cir. Dec. 7, 1992) (prison administrators must be accorded wide-ranging
15 deference in adoption of policies needed to preserve internal
16 order/discipline/security, prison's exclusive use of urinalysis for
17 drug testing was reasonable, and alternatives such as blood testing
18 were even more intrusive and expensive); Pella v. Adams, 723 F. Supp.
19 1394, 1395-96 (D. Nev. 1989) (recognizing that prison officials would
20 have an onerous administrative burden if required to accommodate
21 inmate's request for alternative test to urinalysis such as
22 transporting sample to appropriate laboratory, bearing/assessing costs
23 beyond those associated with test itself (e.g., cost of additional
24 staff involved in obtaining test result), determining which alternative
25 test(s) would be allowed, and addressing fairness concerns raised by
26 inability of some inmates to pay for alternative testing) (citing
27 Turner v. Safley, 482 U.S. 78 (1987) ("When accommodation of an
28 asserted right will have a significant 'ripple effect' on fellow

inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials." )), abrogated on other grounds by 42 U.S.C. § 2000cc-1(a).

Plaintiff has not alleged facts that state a substantive due process claim. Thus, the substantive due process claim must be DISMISSED with leave to amend.

To state a procedural due process claim, Plaintiff must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures attendant upon the deprivation were constitutionally insufficient. Cf. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989). Prisoners are entitled to due process protections when subject to disciplinary sanctions. Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). The Supreme Court, however, has held that these procedural protections are not implicated unless the deprivation involves a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995). Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. (internal citations omitted). Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976).

If Plaintiff is able to allege a protected liberty interest, the inquiry then becomes what process is due. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974). Rather, a prisoner only must be afforded (1) advance written notice of the disciplinary charges, (2) an opportunity to present witness testimony and other evidence when such allowance is consistent with safety and correctional goals, and (3) a written statement of reasons for the disciplinary action taken. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67); see also Wolff, 418 U.S. at 557, 564-70 (procedural due process requires a prisoner to receive (1) written notice of the charges against him; (2) 24 hours to prepare his defense; (3) a written statement regarding the evidence upon which the fact finders relied on; (4) the ability to request witnesses; and (5) a finding of competency to understand the nature of the charge). Due process is satisfied where these minimum requirements have been met, and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer. Hill, 472 U.S. at 455. The "some evidence" standard is not particularly stringent and is satisfied where "there is evidence in the record that could support the conclusion reached." Id. at 455-56.

Plaintiff has not alleged facts establishing that he was deprived of the minimum guarantees of due process. Cf. Hill, 472 U.S. at 454.

To the contrary, Plaintiff's facts, and the written reports attached to the Complaint, suggest that he received the procedural protections he was due. Plaintiff received advance written notice of the charges and he makes no claim to the contrary. Plaintiff was present at the proceedings before a disciplinary hearing officer and had the opportunity to present witnesses and evidence. Plaintiff received a written report of the disciplinary actions taken.

While Plaintiff contends that officials deprived him of the opportunity to be drug tested through a self-funded blood or hair test, (Compl. at 2, 3-4), the Due Process Clause did not guarantee Plaintiff this right. Plaintiff does not dispute his failure to provide a urine sample but rather argues that he was unable to produce a sample because of a medical impediment. (Compl. at 2, 11). Plaintiff presented this argument at his hearings but the hearing officers rejected this contention and found Plaintiff guilty. (Id. at 10, 13).

On the facts alleged, if true, Plaintiff's medical condition may have made it difficult for him to comply with requests to provide a urine sample within two hours. Plaintiff, however, was afforded the opportunity to present this factual defense during his disciplinary hearings. Plaintiff also was afforded the right to substantiate his medical claim with documentary evidence and witness testimony, but Plaintiff declined to do so. The undisputed fact that Plaintiff did not produce a urine sample provides "some evidence" to sustain the infractions. Cf. Dickerson, 1992 WL 361243, *2 (due process satisfied where inmate failed to produce urine sample as a result of psychological stress but offered instead to submit to blood test

because inmate was afforded opportunity to present defense at hearing and hearing officer's finding of guilt was supported by "some evidence" – i.e, undisputed fact that prisoner failed to provide urine sample); Snaman, 1992 WL 33924, at *2 (plaintiff charged with failing to produce urine sample was not deprived of procedural due process where he was afforded opportunity to produce evidence on willfulness – i.e., evidence showing he had medical basis for inability to produce urine sample – but failed to do so, and where there was uncontested testimony indicating that plaintiff failed to provide urine sample); Sawyer v. Hollingsworth, No. 04-4689 MJD/AJB, 2005 WL 1325030, *3 (D. Minn. May 13, 2005) ("some evidence" supported finding of guilt for refusal to provide urine sample where plaintiff claimed inability to urinate due to medical condition and offered to submit to blood or dry cell testing because evidence established that plaintiff failed to provide sample and plaintiff admitted to hearing officer that he did not provide sample); see also Hill, 472 U.S. at 455-56 ("some evidence" standard is not particularly stringent and is satisfied where "there is evidence in the record that could support the conclusion reached").

Plaintiff has not alleged facts that state a procedural due process claim. Thus, the procedural due process claim must be DISMISSED with leave to amend.

**2. Plaintiff Has Not Stated An Equal Protection Claim**

The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Fifth Amendment, which applies to

17

the federal government, does not explicitly contain a similar provision. See U.S. Const. amend. V. Nevertheless, "[t]he liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." U.S. v. Windsor, 133 S. Ct. 2675, 2695 (2013).

To state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). If the action does not involve a suspect classification, the plaintiff must show that similarly situated people were intentionally treated differently without a rational basis for the disparate treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Here, Plaintiff makes only a conclusory reference to being deprived of his interest in his civil rights without "equal protection." (Compl. at 4). Plaintiff fails to allege facts establishing that any federal officer treated him differently from any other inmate because of his membership in any protected class, or that officials treated Plaintiff differently from other inmates without a rational basis for the disparate treatment. Plaintiff therefore has failed to state an equal protection claim. For this reason, the equal protection claim must be DISMISSED with leave to amend.

///

///

### 3. Plaintiff Has Not Stated A Sixth Amendment Claim

The Complaint alleges that "executive officials may be personally liable for actions that have deprived a person of his Fifth and Sixth Amendment right." (Compl. at 4). To the extent Plaintiff intends to assert a claim for violation of the Sixth Amendment, this sole vague and conclusory reference to the Sixth Amendment is not sufficient to state a claim under Rule 8(a). Thus, Plaintiff's Sixth Amendment claim, if any, must be DISMISSED with leave to amend.

### ORDER

For the reasons discussed above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND.** If Plaintiff still wishes to pursue this action, he shall file a First Amended Complaint **no later than 30 days from the date of this Order. The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the original Complaint.** See C.D. Cal. R. 15-2 ("**Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading.**").

In any amended complaint, Plaintiff should identify the nature of each separate legal claim and confine his allegations to those operative facts supporting each of his claims. For each separate legal claim, Plaintiff should state the civil right that has been violated and the supporting facts for that claim only. Pursuant to Federal Rule

of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff, however, is advised that the allegations in the First Amended Complaint should be consistent with the authorities discussed above.** In addition, the First Amended Complaint may not include new Defendants or new claims not reasonably related to the allegations in the original Complaint. **Plaintiff is strongly encouraged to use the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

Plaintiff is explicitly cautioned that **failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that if he no longer wishes to pursue this action in its entirety or with respect to particular Defendant or claim, he may voluntarily dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

DATED: September 30, 2016.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

20